IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA FRED MICHAEL<br>(A-Number 028393037),<br><br>Petitioner,<br><br>V.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:19-cv-490-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Joshua Fred Michael is detained at the Prairieland Detention Center, in the Dallas Division of this district, pending his deportation from the United States. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 concerning that detention, he has more than once amended that petition, and the deadline for the government to respond to that petition has not yet expired. *See Michael v. U.S. Attorney General*, No. 3:19-cv-62-S-BN (N.D. Tex.).

Michael has now filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Dkt. No. 1], which has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

In the Section 2255 motion, Michael fails to identify a federal criminal judgment. He instead reiterates that he is "asking that deportation be deferred because of [his] sickness." *Id.* at 1; *see also id.* at 2 ("Movant will be asking the court to consider

deferring or stopping the deportation because of illness. Movant will face serious danger if deported in fact if deported it will even guarantee death shortly after. All the details and medical records will be in the brief.").

Relief under Section 2255 is limited to a claim "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"Whereas 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, ... [a] petition under 28 U.S.C. § 2241 for a writ of habeas corpus is a proper avenue for challenging the legality of an order of deportation." *Trujillo v. United States*, 115 F. App'x 661, 2004 WL 2278489, at *1 (5th Cir. 2004) (per curiam) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), and *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001), then *Bravo v. Ashcroft*, 341 F.3d 590 (5th Cir. 2003)); *see, e.g., Flores v. United States*, C.A. No. C-10-305, 2011 WL 794924, at *1 (S.D. Tex. Feb. 28, 2011) (instructing movant to re-file the claims collaterally attacking his criminal judgment "pursuant to 28 U.S.C. § 2255 in his criminal case ... or challenge his deportation proceedings through 28 U.S.C. § 2241 in the" district where he is in custody).

Because Michael has filed a Section 2241 petition challenging his deportation and because, in this case, he does not challenge a sentence imposed after a conviction in a federal court, it "plainly appears" that Michael "is not entitled to relief" on the

Section 2255 motion, and the motion should be dismissed. *See* RULE 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

## Recommendation

The Court should dismiss Movant Joshua Fred Michael's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 8, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE